Samuel H. MOERMAN, Appellee,

v.

ZIPCO, INC., Arthur M. Lewis, Trustee in Bankruptcy, Donald S. Brodeur, Defendants,

Samuel Nasser, Joseph C. Snyder, Joseph Nasser, Isidore Dayan and Rebecca Bibi, as Administratrix with the Will annexed of Morris Bibi, deceased, Appellants.

Nos. 672, 673, Dockets 34391, 34394.

United States Court of Appeals, Second Circuit.

Argued April 2, 1970.

Decided April 2, 1970.

Joseph J. Einhorn, New York City, for appellants Samuel Nasser, Snyder, and Joseph Nasser.

Albert Adams, New York City (Ferris, Adams & Creidy, New York City, on the brief), for appellants Bibi and Dayan.

Raymond F. Gregory, New York City (Joel M. Walker and Battle, Fowler, Stokes & Kheel, New York City, on the brief), for appellee.

Before KAUFMAN and FEINBERG, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM:

The judgment of the district court is affirmed on the thorough opinion of Judge Judd, reported at 302 F.Supp. 439 (E.D.N.Y.1969).

* Chief Judge of the District of Connecticut, sitting by designation.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a corporation, Appellant,

v.

MOUNTAINEER CONTRACTORS, INC., Sovereign Construction Company, Ltd., a corporation, and Aetna Casualty and Surety Company, Appellees.

No. 13507.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1970.

Decided April 7, 1970.

Eugene F. Brady, New York City (Hart & Hume, New York City, Oscar J. Andre, and Steptoe & Johnson, Clarksburg, W. Va., on the brief), for appellant.

Herman J. Obert, Philadelphia, Pa. (Cushman & Obert, Philadelphia, Pa., and Herschel Rose, Fairmont, W. Va., on the brief), for appellees.

Before SOBELOFF, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

We find no error in the District Judge's order. The objections to the order seem to us without substance. Indeed, we think the order points to an eminently fair and practicable way to terminate a controversy already too long protracted. The arbitration begun and now pending in Pittsburgh, Pennsylvania, should proceed without further delay.

Affirmed.